UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JIMMIE LEE DENNISON,     Plaintiff,

v.     Civil Action No. 3:14-cv-p679-DJH

KY. DEP'T OF CORR. *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jimmie Lee Dennison, a prisoner proceeding *pro se*, *in forma pauperis*, filed an action under 42 U.S.C. § 1983 (DN 17).[1] The amended complaint (DN 17) is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff Dennison brings his action against four Defendants: (1) the Kentucky Department of Corrections; (2) Rhonda Self, a "R.C.C. Postal Dept employee"; (3) Oldham County, Kentucky; and (4) Roederer Correctional Complex (RCC). Plaintiff sues Defendant Self in her individual and official capacities. As relief, Plaintiff seeks monetary damages and punitive damages. In the "Statement of Claims" portion of the amended complaint, Plaintiff further states that he seeks "thier policys corrected."

---

[1] This action was originally filed by two Plaintiffs, Teddy Albert Allman and Jimmie Lee Dennison (DN 1). Plaintiff Allman and the claims brought by him have been dismissed from this action (DN 14). Because it was unclear from the original complaint which claims Plaintiff Dennison was asserting, the Court entered an Order directing Plaintiff Dennison to file an amended complaint containing all of the facts and claims he wanted to assert and naming all of the Defendants he sought to sue. The Court's Order directed that "[t]he amended complaint will supersede and replace the original complaint in this action" (DN 15). Subsequently, Plaintiff Dennison filed an amended complaint which is now subject to initial review pursuant to 28 U.S.C. § 1915A.

According to the amended complaint (DN 17) and related grievance (DN 1-1, p. 2) filed by Plaintiff, on or about September 26, 2014, while Plaintiff was incarcerated at RCC,[2] he brought a piece of legal mail to the mail room at the institution with the intention of mailing it "certified mail with return reciept as proof of delivery." Plaintiff states that Defendant Self refused "to send sensitive legal mail as 'certified.'" The grievance indicates Defendant Self refused to send the mail as certified because Plaintiff was indigent. Plaintiff contends that Defendant Self's refusal violated his Fifth and Fourteenth Amendment rights. Plaintiff contends that Defendant Oldham County is "directly at fault as well for not addressing this problem(s) sooner and is guilty of negligence and denial of [his] 5th and 14th ammendments as well." As for RCC, Plaintiff states that it "should have corrected this problem as well even if it hadn't been ordered to, ignorance of the laws and rules is no excuse." Plaintiff continues, "[s]o the Roederer Correctional Complex is also hereby named in this civil suit as the owner/operator of the mailroom and its employer Rhonda Self."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must

---

[2] Plaintiff is presently incarcerated at Kentucky State Reformatory.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

*A. Eleventh Amendment Immunity*

Under the Eleventh Amendment to the U.S. Constitution,[3] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

immunity or Congress has overridden it. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("This [Eleventh Amendment] withdrawal of jurisdiction effectively confers an immunity from suit. Thus, 'this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–663 (1974)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("[I]f a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and [one of its departments] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3

(6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Plaintiff not only seeks damages, but he also seeks prospective injunctive relief. Such relief is not barred by Eleventh Amendment immunity against individuals in their official capacities. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (recognizing that the Supreme Court has "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000) (finding that "[t]he district court correctly determined that the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983"). Thus, the Eleventh Amendment would not bar the prospective injunctive relief claim against Defendant Self in her official capacity.

Accordingly, all of the claims against Defendant Kentucky Department of Corrections and Defendant RCC are barred by Eleventh Amendment immunity, and these claims and these Defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2). Likewise, the claim against Defendant Self in her official-capacity seeking monetary damages is barred by Eleventh Amendment immunity, and it too will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### B. *Defendant Oldham County*

Plaintiff names Oldham County, Kentucky, as a Defendant in this action. When a § 1983 claim is made against a municipality,[4] this Court must analyze two distinct issues: (1) whether

---

[4] The Court notes that in federal cases, counties are considered municipal entities for sovereign-immunity purposes, whereas Kentucky courts treat counties as arms of the state. *Compare Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations."), *with Wilson v. City of Cent. City*, 372 S.W.3d 863, 868 (Ky. 2012) ("[O]ur sovereign immunity jurisprudence has long distinguished between counties, which are protected by sovereign immunity, and municipalities, which are not.").

Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury that the government as an entity is responsible under §1983."); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) ("In analyzing the specific language in § 1983, the [Supreme Court] in *Monell* concluded that the language plainly imposes liability on a governmental entity that, under the color of some official policy, 'causes' an employee to violate another's constitutional rights. Congress did not intend § 1983 liability to attach where causation is absent.") (citation omitted).

Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that an Oldham County policy or custom caused his alleged harm. In fact, Plaintiff fails to state any connection at all between Oldham County and his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Oldham County, the complaint fails to establish a basis of liability against this Defendant, and it fails to state a cognizable § 1983 claim.

Accordingly, Defendant Oldham County, Kentucky, and the claims against it will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## C. Legal-Mail Claim

Plaintiff raises one substantive claim in this action. He alleges that Defendant Self's refusal, on one occasion, to mail a piece of legal mail certified as Plaintiff requested, violated his constitutional rights. Specifically, Plaintiff contends that this refusal violated his Fifth and Fourteenth Amendment rights.

### 1. Fifth Amendment

The Fifth Amendment Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment restricts the powers of the federal government. *Griswold v. Connecticut*, 381 U.S. 479, 492 (1965); *Gideon v. Wainwright*, 372 U.S. 335, 340-41 (1963). Plaintiff's claim regarding his legal mail does not involve the federal government. Further, Plaintiff fails to set forth any alleged deprivation of life, liberty, or property.

Accordingly, Plaintiff's Fifth Amendment claim will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### *2. Fourteenth Amendment*

Where a particular constitutional amendment governs government behavior, claims under § 1983 should be evaluated under that particular constitutional provision, rather than under the Fourteenth Amendment's substantive due process rubric. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "It cannot be doubted that first amendment concerns are implicated when restrictions are imposed upon an inmate's correspondence." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). The First Amendment is applicable to the states through the Fourteenth Amendment. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). Thus, Plaintiff's legal-mail claim will be addressed under the First Amendment.

The courts have analyzed prisoner-mail claims under both the "free speech" and "petition the Government for a redress of grievances" clauses of the First Amendment. Plaintiff's claim fails under both.

Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Further, in order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Lewis v. Casey*, 518 U.S. at 349-55 & n.3;

8

*Thaddeus-X v. Blatter*, 175 F.3d at 394. Deprivation of this right "in some theoretical sense" will not establish a violation of the right to access the courts. *Thaddeus-X v. Blatter*, 175 F.3d at 394. Rather, Plaintiff must show "actual prejudice to non-frivolous claims." *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In the present case, Plaintiff fails to show "actual prejudice to non-frivolous claims." He points to no actual injury that resulted from the alleged denial of sending his legal mail as certified mail. Absent actual injury, Plaintiff fails to state an interference with access to the courts claim.

First Amendment free speech issues may be implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway*, 740 F.2d at 1382. Even though First Amendment issues may be implicated when restrictions are placed upon an inmate's correspondence, lawful incarceration legitimately requires the retraction or withdrawal of many rights and privileges. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In the present case, Plaintiff does not allege that Defendant Self refused to send his mail but that she refused to send it certified. Plaintiff's allegations do not set forth conduct that violates his constitutional rights, for a prisoner has no constitutional right to have his mail sent certified. *Schack v. Wainwright*, 391 F.2d 608 (5th Cir. 1968); *see also Cotten v. Schotten*, No. 95-4085, 1997 WL 299386, at *1 (6th Cir. June 4, 1997) ("[T]here is no constitutional right to receive a return receipt in the mail."); *Snoderly v. Osborne*, No. 4:08CV-P149-M, 2010 WL 816795, at *2 (W.D. Ky. Mar. 4, 2010) ("There is no constitutional right to send mail certified or return receipt requested."); *Larson v. Frossard*, No. 86 C 6154, 1987 WL 6284, at *2 (N.D. Ill. Jan. 30, 1987) ("[I]n the present case, plaintiff has not demonstrated that certified mail was necessary or that

9

alternative means, such as regular mail, were insufficient. The Court therefore finds plaintiff's allegations fail to state a claim."); *Falzerano v. Collier*, 535 F. Supp. 800, 803-04 (D.N.J. 1982) ("The denial of certified mail, return receipt requested, at State expense also falls far short of a constitutional issue. Ordinary mail is sufficient for access to the courts. If, for reasons of his own, a prisoner wants that form of mailing as a mode of proof, the cost is not so high as to put it beyond the reach of an indigent.").

Furthermore, not all violations regarding legal mail rise to the level of a constitutional violation. *See, e.g.*, *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) ("Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights."); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("[W]e agree with other circuits that an 'isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.'") (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

For these reasons, the allegations raised in Plaintiff's amended complaint do not violate any of his constitutional rights. Accordingly, this entire action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Having failed to state a claim upon which relief may be granted, this entire action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Further, the official-capacity claim against Defendant Self for monetary damages and the claims against Defendants Kentucky Department of Corrections and RCC are barred by Eleventh Amendment immunity, and they will also be dismissed pursuant to 28 U.S.C. § 1915A(b)(2). A separate Order of dismissal will be entered by the Court.

Date: April 28, 2015

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Oldham County Attorney
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.003